IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHARLES RONNIE MYGATT          §
    TDCJ-CID #1012152          §
v.                             §          C.A. NO. C-08-380
                               §
EVELYN CASTRO                  §

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING  CASE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996),
any prisoner action brought under federal law must be dismissed if the complaint is frivolous,
malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a
defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.
Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or
proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam);
Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint
must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his
allegations must be accepted as true, unless they are clearly irrational or wholly incredible.
Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's loss of property claim is dismissed without
prejudice.  Plaintiff's retaliation claim against defendant Evelyn Castro is retained, and service
will be ordered on Captain Castro.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28
U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 9), this case was referred to a magistrate

judge to conduct all further proceedings, including entry of final judgment.  (D.E. 10); see also

28 U.S.C. § 636(c).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in

Beeville, Texas.  He filed this lawsuit on November 25, 2008, alleging that defendant Evelyn

Castro intentionally destroyed his radio and stole a religious relic, a leather-encased rock and

beads, from a picture frame.  (D.E. 1).  Plaintiff claims that Captain Castro was motivated to

damage or take his property in retaliation for a grievance that he previously filed against her.

A Spears[1] hearing was conducted on December 11, 2008.  The following allegations were

made in plaintiff's original complaint, or at the hearing.

On August 21, 2008, plaintiff overheard Captain Castro and Officer Rincon making

derogatory remarks against Native Americans.  Plaintiff was offended, and on August 25, 2008,

he filed a grievance complaining about the incident.  (D.E. 1-2, at 9-10).

On August 27, 2008, there was a shakedown within the area of the prison where plaintiff

is incarcerated.  Plaintiff, along with other prisoners housed in 18-Building, was taken to the

gym while twenty or more officers searched the cubicle of each prisoner.  He observed Captain

Castro enter the "T" section of his dorm where his cubicle his located.  After approximately ten

to fifteen minutes, he observed her exit the dorm area.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603
(5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Shortly thereafter, plaintiff was released back to his living area.  When he arrived at his cubicle, he first noticed that his radio was on the floor.  Upon further inspection, he discovered that the radio had been cracked, one speaker did not work with his headphones, and the snooze button was jammed.  In addition, he discovered that a medicine stone encased in leather with ceremony beads that had been hanging from a picture frame of his son had been taken.  No confiscation papers were provided for the medicine stone and beads.  An unidentified lieutenant confirmed to plaintiff that he was not on the shakedown list, but that Captain Castro personally had searched his cubicle area.  Plaintiff talked to Lieutenant Phipps about his cubicle being searched and his damaged radio and missing medicine stone.  Lieutenant Phipps indicated that she would investigate the matter.

On August 29, 2008, plaintiff filed a Step 1 grievance complaining about the damaged radio and lost stone and beads.  By response dated September 29, 2008, Warden Jackson replied:

> Investigation into your complaint has been completed.  This office has revealed that Captain Castro did in fact assist in the searching of your cell; however, no property was confiscated or damaged.

(D.E. 1-2, at 14).  Plaintiff filed a Step 2 appeal, but it was denied.  Id. at 16-17.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state

3

law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55

F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a

claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling

him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The

complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts

must be assumed.  Id. (citation omitted).

**B.      Plaintiff's Claim That His Property Was Damaged And Lost.**

Plaintiff contends that Captain Castro violated his constitutional rights when she broke

his radio during the search of his cubicle.  He also claims that she intentionally took his medicine

stone and beads.

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any

person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV § 1.

However, the negligent loss or destruction of property does not violate an inmate's constitutional

rights.  Daniels v. Williams, 474 U.S. 327, 328 (1986).  Furthermore, the Supreme Court has

held that even an intentional deprivation of property does not violate the Due Process Clause if it

is unauthorized, and the State provides an adequate post-deprivation remedy.  See Hudson v.

Palmer, 468 U.S. 517, 534-35 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981); accord Myers

v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam).  "The [Parratt/Hudson] doctrine is

meant to protect the state from liability for failing to provide pre-deprivation process in

situations where it cannot anticipate the need for such process (when the actions complained

about are random and unauthorized)."  Brooks v. George County, Miss., 84 F.3d 157, 165 (5th

Cir. 1996) (citation omitted).  For this type of violation, "postdeprivation process is all that is

4

due because no predeprivation safeguards would be of use in preventing the kind of deprivation alleged." Zinermon v. Burch, 494 U.S. 113, 139 (1990). Thus, an adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under § 1983, regardless of whether the deprivation is negligent or intentional. See id.

Under the Pratt/Hudson doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may then pursue a claim under § 1983 only after those remedies are denied on grounds other than the merits of the claim. See Thompson v. Steele, 709 F.2d 381, 383 & n.3 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. See Myers, 97 F.3d at 94.

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement [of an adequate post-deprivation remedy]"); Beam v. Voss, 568 S.W.2d 413, 420 (Tex. Civ. App. 1978) (conversion is "[t]he unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights"). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ-CID lost or damaged personal property. Tex. Gov't Code § 501.007.

Plaintiff alleges that Captain Castro broke his radio and took his medicine stone and beads. However, plaintiff has ***not*** pursued an action for conversion in state court. Plaintiff testified that he wrote letters to both this Court and to the Bee County District Clerk concerning his claims against Captain Castro. He claims that the Bee County Clerk's Office did not respond promptly to his letter, and by the time it did respond, he had already been assigned a civil action

number in federal court.  See also (D.E. 11).  However, the fact that the federal court process

might be more efficient does not suggest that the remedies available to him under Texas law are

inadequate.  See Parratt, 451 U.S. at 544 ("The remedies provided could have fully compensated

the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the

requirements of due process.").  Thus, plaintiff is required to pursue his loss of

property/damaged property claims in state court.  Therefore, to the extent plaintiff is

complaining of a loss of property in this action, he has failed to state a claim upon which relief

can be granted.  Accordingly, plaintiff's loss of property claim is dismissed without prejudice for

failure to state a claim.

**C.      Plaintiff's Claim Of Retaliation.**

        Plaintiff claims that Captain Castro broke his radio and took his medicine stone because,

two days before the shakedown, he filed a grievance against her for making derogatory remarks

against Native Americans.

        A prison official may not retaliate against an inmate for complaining to a supervisor

about an employee's misconduct.  Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003) (per

curiam); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235,

1248 (5th Cir. 1989).  The purpose of allowing retaliation claims under § 1983 is to ensure that

prisoners are not unduly discouraged from exercising such constitutional rights.  Morris v.

Powell, 449 F.3d 682, 686 (5th Cir. 2006).  However, some acts, even though they may be

motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person

from further exercise of his rights.  Id.  Such acts do not rise to the level of constitutional

violations and cannot form the basis of a § 1983 claim.  Id.  For example, a job transfer from the

6

commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act.  Id. at 687.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citation omitted).  An inmate must allege more than his personal belief that he is the victim of retaliation.  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).  The inmate "must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'"  Woods, 60 F.3d at 1166 (citation omitted).

Here, plaintiff claims that he filed a grievance against Captain Castro on August 25, 2008, and that she then damaged, or stole his property two days later during the search of his living area.  For purposes of § 1915A screening, plaintiff has stated a claim of retaliation against Captain Castro.  He has alleged that, but for his filing a grievance against her, Captain Castro would not have damaged his radio or taken his medicine stone and beads.  The facts as alleged by plaintiff create a chronology of events from which retaliation can be inferred.  Thus, plaintiff's retaliation claim against Captain Castro is retained, and service will be ordered on this defendant.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's loss of property claim is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  Plaintiff's retaliation claim against Captain Castro is retained.

ORDERED this 5th day of January 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE