IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES RONNIE MYGATT<br>    TDCJ-CID #1012152 | §<br>§<br>§ | |
| v. | § | C.A. NO. C-08-380 |
| EVELYN CASTRO | §<br>§ | |

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

This is a civil rights action filed by a state inmate pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant intentionally deprived him of his property in violation of the Fourteenth Amendment, and that she retaliated against him for a grievance he filed against her prior to this incident. (D.E. 1). On January 5, 2009, the Court entered an order dismissing plaintiff's property deprivation claim without prejudice and retaining the retaliation claim. (D.E. 13). Pending is plaintiff's motion to amend the order, which is construed as a motion to reconsider. (D.E. 15).

**A.     Plaintiff's Motion Is Timely.**

A motion to reconsider is timely when it is filed within ten days. See Fed. R. Civ. P. 59(e). The order at issue was entered on January 5, 2009. (D.E. 13). Therefore, to be timely filed, a motion to reconsider had to be filed by January 15, 2009. See Fed. R. Civ. P. 6(a). Plaintiff's motion was timely filed no later than January 14, 2009. (D.E. 15).

**B.     Plaintiff Fails To Establish A Basis For Relief Pursuant To A Motion To Reconsider.**

A motion for reconsideration "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citation omitted). To prevail, the moving party must

demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted).

Plaintiff appears to claim that the order of dismissal was based on a clear error of law; specifically, he argues that the Court erred in dismissing his property deprivation action for failure to state a claim. (D.E. 15, at 3-4). He argues that his complaint should have been read liberally to state a claim upon which relief may be granted. Id. However, there is no error in the dismissal of plaintiff's property deprivation claim. He does not argue in the motion to reconsider that he raised a claim other than unauthorized intentional deprivation of property. Accordingly, the order of dismissal properly applied the Parratt/Hudson doctrine to bar his claim. See Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981). Pursuant to the Parratt/Hudson doctrine, plaintiff is required to seek relief in the State courts on his property deprivation claim in a conversion action, and may only pursue a claim under § 1983 if state remedies are denied on other grounds than the merits of the claim. See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983) (citations omitted). Plaintiff does not allege that he has pursued a conversion action in State court, nor does he allege any facts which would indicate that application of the Parratt/Hudson doctrine to his claim in dismissing without prejudice is error. Therefore, he has failed to establish that he is entitled to relief.

Accordingly, plaintiff's motion to amend the order, (D.E. 15), is hereby DENIED.

ORDERED this 16th day of January 2009.

                                                                                             _____
                                                                                             BRIAN L. OWSLEY
                                                                                             UNITED STATES MAGISTRATE JUDGE